UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| ESTHER JONES, | : | |
| Plaintiff | : | Civil Action No. 3:06cv1439 |
| | : | |
| v. | : | |
| | : | |
| PALISADES COLLECTION, L.L.C. et al., | : | |
| Defendants | : | |

**RULING ON DEFENDANTS' MOTION TO DISMISS**

Plaintiff Esther Jones ("Jones") filed suit against defendants Palisades Collection, L.L.C., Wolpoff & Abramson, L.L.P., and Adam J. Olshan ("defendants") alleging violations of the Fair Debt Collection Practices Act ("FDCPA"); 15 U.S.C. § 1692c, e, and f; and the Connecticut Unfair Trade Practices Act ("CUPTA"), Conn. Gen. Stat. § 42-100A, in connection with the defendants' collection activities. The defendants have moved to dismiss this action under Federal Rule of Procedure 12(b)(6), for failure to state a claim for which relief can be granted.

**I.     Background[1]**

The plaintiff is an individual who resides in Connecticut, and a consumer within the definition of the FDCPA. On April 20, 2004, Jones filed a Chapter 7 petition in bankruptcy.[2] Defendant Olshan is an attorney and Managing Director of New England operations of defendant law firm Wolpoff & Abramson (the "law firm"). The law firm received notice of the plaintiff's 2004 bankruptcy and discharge, as well as notice of her representation by bankruptcy counsel.

---

[1]The following allegations are taken from the Complaint, and assumed to be true only for the purpose of resolving the motion to dismiss.

[2]No. 04-31865 (ASD).

On February 16, 2006, the law firm mailed Jones a demand for payment of an account identified as "Palisades Collection LLC Assignee of AT&T."  The account was identified as an AT&T cellular telephone account which incurred charges from January 28, 2003 to May 26, 2003.  On May 15, 2006, Olshan reviewed portions of the plaintiff's file and decided to initiate litigation against the plaintiff on the "Palisades Collection" account.  As an assignee of AT&T, defendant Palisades Collection knew or should have known of the plaintiff's bankruptcy as well as her representation by bankruptcy counsel.  Although the defendants have the ability to "scrub" accounts for bankruptcy before engaging in collection efforts, no defendant investigated whether the plaintiff had filed for bankruptcy before engaging in such efforts.

## II.     Standard of Review

When considering a Rule 12(b)(6) motion to dismiss, the Court accepts as true all factual allegations in the complaint and draws inferences from these allegations in the light most favorable to the plaintiff.  See Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other grounds, Davis v. Scherer, 468 U.S. 183 (1984); Easton v. Sundram, 947 F.2d 1011, 1014-15 (2d Cir. 1991), cert. denied, 504 U.S. 911 (1992).  Dismissal is warranted only if, under any set of facts that the plaintiff can prove consistent with the allegations, it is clear that no relief can be granted.  See Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Frasier v. General Elec. Co., 930 F.2d 1004, 1007 (2d Cir. 1991).  In its review of a 12(b)(6) motion to dismiss, the Court may consider "only the facts alleged in the pleadings, documents attached as exhibits or incorporated by reference in the pleadings and matters of which judicial notice may be taken."  Samuels v. Air Transp. Local 504, 992 F.2d 12, 15 (2d Cir. 1993).

## III.    Discussion

To the extent that Jones' claims rest solely on allegations that the defendants' actions in attempting to collect her debt after it had been discharged constituted a violation of the Bankruptcy Code's discharge injunction, the Court finds that the motion to dismiss should be granted.  In Yagobi v. Robinson, the Second Circuit affirmed the dismissal of federal and state unfair debt collection practice claims, and found that "because the bankruptcy court is the appropriate forum to determine whether a creditor has, in fact, violated a discharge order, a plaintiff debtor who. . .fails to secure such a determination lacks a colorable factual basis to plead an unfair debt collection practice based only on a § 524 violation." 145 Fed. Appx. 697, 699 (2d Cir. 2005).   Jones has not secured a determination that the defendants violated a discharge order, and thus likewise lacks the requisite factual basis to sustain a claim based on a discharge violation.[3]

The plaintiff contends that she has made allegations that the defendants' violated the FDCPA in ways other than through violation of the discharge order: through engaging in direct contact with the plaintiff when it was known she was represented by counsel, and by threatening a lawsuit against the plaintiff.   However, each one of these claims is inextricably related to the issue of whether the defendants' violated the discharge order.  The defendants' direct contact

---

[3]The defendants argue that the plaintiff's complaint should be dismissed on the grounds that both the plaintiff's federal and state law unfair debt collection claims are preempted by the Bankruptcy Code. Compare Walls v. Wells Fargo Bank, N.A., 276 F.3d 502, 510 (9th Cir. 2002) (rejecting, as precluded by the Bankruptcy Code, debtor's FDCPA claim for violation of § 524 injunction); with Randolph v. IMBS, Inc., 368 F.3d 726, 729-33 (7th Cir. 2004) (recognizing FDCPA claim for violation of Bankruptcy Code's automatic stay provision, 11 U.S.C. § 362, which explicitly provides private cause of action).  In Yagobi, the Second Circuit explicitly did not reach a decision on whether debtors in bankruptcy can ever maintain such claims based on violations of the Bankruptcy Code.  145 Fed. Appx. at 699.  The Court is aware that Yagobi is a summary order and does not have precedential value; however, it finds the reasoning persuasive. Accordingly, this Court finds it unnecessary to reach a conclusion on the preemption issue.

with the plaintiff and the mention of a lawsuit were in connection with the collection of the Palisades debt.  Thus, the motion to dismiss is granted in its entirety.

### IV.     Conclusion

The defendants' motion to dismiss [Dkt. # 7] is GRANTED without prejudice to refiling after an appropriate determination by the Bankruptcy Court.  The Clerk is ordered to close this case.

SO ORDERED this   19th    day of March, 2008, at Hartford, Connecticut.


    /s/ Christopher F. Droney  
**CHRISTOPHER F. DRONEY**  
**UNITED STATES DISTRICT JUDGE**